UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. POWELL<br>3413 FOXFIELD CIRCLE<br>PERKIOMENVILLE, PA 18074<br><br>Plaintiff,<br><br>v.<br><br>IMMACULATA UNIVERSITY<br>1145 W. KING ROAD<br>IMMACULATA, PA 19345<br><br>Defendant. | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Thomas J. Powell (hereinafter "Plaintiff" or "Powell") is an adult individual residing at the above address.

2. Defendant, Immaculata University (hereinafter "Defendant" or "Immaculata") is a non-profit corporation, organized and existing under the laws of Pennsylvania, registered to do business in Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. At all times material hereto, Defendant qualifies as Plaintiff's employer pursuant to the Americans with Disabilities Act and the Family Medical Leave Act.

1

5. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act, the Family Medical Leave Act, and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9. In or about June 2006, Defendant hired Mr. Powell as a maintenance worker.

10. Plaintiff is qualified in the role of maintenance worker which he has held and continues to hold for nearly fifteen (15) years.

11. In or about March of 2019, Mr. Powell was diagnosed with stage four colon cancer for which he underwent surgery.

12. In addition to surgery, Mr. Powell was required to undergo chemotherapy treatments for six (6) months beginning in May 2019.

13. In order to undergo those treatments, Mr. Powell applied for and was granted intermittent leave under the Family Medical Leave Act.

14. In or about November 2019, Defendant, by and through its employee, Anthony McBride, Mr. Powell's supervisor, began to discriminate against Mr. Powell by subjecting him to harassment through disciplinary actions.

15. These disciplinary actions were for minor issues, done in rapid succession, and resulted in a one day suspension and the threat that any more disciplinary actions would result in Mr. Powell's termination of employment.

16. The occurrences that lead to discipline are minor in nature and include, not answering radio calls quickly enough, improper installation of Christmas lights, improper installation of hand sanitizer dispensers, not calling the safety department to unlock a gate, and asking co-workers for help.

17. Mr. Powell's co-workers engaged in the same activities and were not disciplined by Defendant.

18. The discrimination that occurred against Mr. Powell is so obvious that Mr. Powell's co-workers also believe that Defendant is targeting and discriminating against Mr. Powell.

19. Defendant by and through its employees Mr. McBride and, Jason Clemonds, Defendant's director of facilities, have also discriminated against Mr. Powell through the job assignments he receives.

20. Prior to Mr. Powell's cancer treatment and FMLA leave, Mr. Powell would only receive basic maintenance jobs.

21. Following his diagnosis of cancer and FMLA leave, Mr. Powell would receive more complicated maintenance jobs which has resulted in additional disciplinary action as Mr. Powell would request help for his work.

22. Mr. Powell's co-workers are permitted to request help on difficult assignment without receiving discipline for there requests.

23. Upon information and belief, Defendant's treatment of Mr. Powell is the result of his cancer treatments and use of leave under the Family Medical Leave Act.

**III. Causes of Action.**

**COUNT I**
**TITLE I CLAIM – AMERICANS WITH DISABILITIES ACT DISCRIMINATION**
**(42 U.S.C.A. § 12101 *et seq.*)**

24. Plaintiff incorporates paragraphs 1-23 as if fully set forth at length herein.

25. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

26. Plaintiff is a qualified employee and person within the definition of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

27. Defendant is an "employer" and hereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

28. Defendant's conduct in engaging in disparate treatment of Plaintiff as compared to his co-workers is an adverse action, was taken as a result of Plaintiff's disability, and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

29. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: economic loss, future loss earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff has also sustained work loss, and a permanent diminution of his earning power and capacity, and a claim is made therefore.

30. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

31. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF FMLA
## RETALIATION
## (29 U.S.C. §2601 et seq.)

32. Plaintiff incorporates paragraphs 1-31 as if fully set forth at length herein.

33. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

34. Defendant's motivation in harassing and disciplining Plaintiff was based, in part, upon his taking permissible FMLA leave.

35. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

36. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

37. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff, Thomas J, Powell, demands judgement in his favor and against Defendant, Immaculata University, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Treble damages;

D. Attorneys' fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

DATE: 01/26/2021              BY: _____
**ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Phone: 267-546-0138
Fax: 215-944-6124
*Attorney for Plaintiff, Thomas Powell*

# EXHIBIT "A"

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

### Notice of Right to Sue (Issued on Request)

| | |
|---|---|
| To: Thomas J. Powell, Jr.<br>3413 Foxfield Circle<br>Perkiomenvlle, PA 18074 | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-02449 | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9700** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson* **11/30/2020**

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc: **Claudine Vita**
**Executive Director, Human Resources**
**IMMACULATA UNIVERSITY**
**1145 W King Rd**
**Immaculata, PA 19345**